**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-6709

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLOS DEMOND ROBINSON,

Defendant - Appellant.

No. 24-6734

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLOS DEMOND ROBINSON,

Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior District Judge.  (6:03-cr-00616-HMH-1; 6:24-cv-01806-HMH)

Submitted:  March 20, 2026                                    Decided:  April 16, 2026

2

Before AGEE, THACKER, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Carlos Demond Robinson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated cases, Carlos Demond Robinson, a federal prisoner, appeals the district court's orders (a) construing Robinson's "Motion to Reopen the Section 404 Proceedings" as a successive 28 U.S.C. § 2255 motion and dismissing it for lack of prefiling authorization (No. 24-6709); and (b) denying Robinson's Fed. R. Civ. P. 59(e) motion to alter or amend that disposition (No. 24-6734).[1] We initially held these cases in abeyance for our decision in *United States v. Robinson*, No. 22-7200.

Considering the appealed-from orders in light of the record as a whole and the relevant authorities—including our ruling in *United States v. Robinson*, 159 F.4th 277 (4th Cir. 2025)—we discern no reversible error in the district court's treatment of the "Motion to Reopen," through which Robinson continued to challenge the legality and constitutionality of his underlying federal sentence, as a successive § 2255 motion and dismissing it for lack of prefiling authorization from this court. *See Bixby v. Stirling*, 90 90 F.4th 140, 149 (4th Cir. 2024) (describing motions in which "the movant wants a district court that has already denied relief on the merits to take another look at whether to grant relief on the merits" as falling within the "heartland" of those postconviction motions the

---

[1] A certificate of appealability is not needed to appeal the district court's dismissal of Robinson's "Motion to Reopen" as an unauthorized, successive § 2255 motion, or the denial of a motion to alter or amend that ruling. *See United States v. McRae*, 793 F.3d 392, 397, 400 (4th Cir. 2015) (holding that a certificate of appealability is not required, and that de novo review applies, when a prisoner appeals a district court order dismissing a motion "as an unauthorized successive habeas petition").

3

Supreme Court has cautioned are "subjected to AEDPA's restrictions"). Nor do we discern any abuse of discretion in the court's denial of Rule 59(e) relief.[2]

Accordingly, we affirm the district court's orders. *United States v. Robinson*, Nos. 6:03-cr-00616-HMH-1/6:24-cv-01806-HMH (D.S.C. Apr. 11, 2024 & July 22, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Robinson also moves for the appointment of counsel. We deny that motion.